UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| QUINCY SMITH,<br><br>    Petitioner,<br><br>V.<br><br>J. RAY ORMOND, Warden,<br><br>    Respondent. | Civil Action No. 6: 17-12-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Quincy Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit against his federal sentence for time he spent in state custody. [R. 1] This matter is before the Court to conduct an initial screening of Smith's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the credit Smith seeks is precluded by federal law, his petition must be denied.

On March 26, 2014, Smith was arrested by Arkansas police on drug and battery charges, but was released on bond the same day. On April 10, 2014, officials from the Arkansas Department of Corrections took Smith into custody on a probation violation. While he was in state custody, a federal grand jury in Hot Springs, Arkansas issued an indictment charging Smith with five counts of conspiracy to distribute and distribution of methamphetamine. Smith was transferred into federal custody on July 21, 2014 pursuant to a writ of habeas corpus ad prosequendum for his arraignment. [R. 1-2 at 3]

Smith remained in federal custody, reached a plea agreement with the government, and on August 28, 2015, the federal court imposed a sentence of 84 months imprisonment.

On September 3, 2015, Smith was returned to the custody of Arkansas to complete service of the state prison term imposed for violating the terms of his probation in an earlier case. On November 25, 2015, Arkansas granted parole to Smith and he was transferred into the custody of the Bureau of Prisons ("BOP") to commence service of his federal sentence.

In April 2016 Smith filed a motion in the trial court requesting a clarification of his sentence because the BOP had commenced his sentence on November 25, 2015, the day he was transferred into federal custody to begin service of it. Smith contended that his federal sentence should have been ordered to run concurrently with his state probation revocation sentence because both sentences were based upon the same conduct. In the alternative, he asked the trial court to order that he be given credit against his federal sentence starting on the day he was taken into federal custody pursuant to the writ for his arraignment. The trial court denied that motion in October 2016 on the ground that that Smith must seek such relief in a habeas corpus petition pursuant to 28 U.S.C. § 2241 after exhausting his administrative remedies within the BOP. *United States v. Smith*, No. 6: 14-CR-60019-SOH-1 (W.D. Ark. 2014).

In his petition, Smith states that he was taken into custody on April 10, 2014 for violating the terms of a separate parole term, but that this parole was never revoked and expired in September 2014. He therefore argues that the time he spent in state custody from April 10, 2014 to November 25, 2015 should be applied against his federal sentence. [R. 1-1 at 2-3]

As a preliminary matter, Smith's present claim for prior custody credits pursuant to 18 U.S.C. § 3585(b) is entirely different than the one he raised using the BOP's inmate grievance program in which he sought a nunc pro tunc designation pursuant to 18 U.S.C. § 3621(b). [R. 1-2 at 3] Smith's petition is therefore subject to summary dismissal for failure

to exhaust his administrative remedies. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Pruitt v. Holland*, No. 10-CV-111-HRW, 2011 WL 13653, at *4-6 (E.D.Ky. Jan. 4, 2011).

Even if this were not so, Smith's claim is without merit. Calculation of a prisoner's credits for time spent in custody before his federal sentence is imposed is determined by 18 U.S.C. § 3585(b). By its terms, § 3585(b) precludes granting pretrial credit if it has already been counted against another sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992). As the BOP noted in its response to Smith's grievance, the time period for which he sought credit had already been applied by Arkansas to a probation revocation sentence, and hence could not be applied to his federal sentence. [R. 1-1 at 3] The fact that Smith was subject to a separate parole term that was not independently revoked is of no moment. Cf. *McClain v. Bureau of Prisons*, 9 F. 3d 503 (6th Cir. 1993).

Accordingly, it is **ORDERED** as follows:

1. Smith's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated October 3, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY